IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| LINO PAUL,<br><br>            Plaintiff,<br><br>v.<br><br>WINCO FOODS, INC. (now known as WINCO HOLDING, INC.); BILL LONG; ROGER COCHELL; KATHY SCHORZMAN; PEGGY DRESCHER; MARY GARCIA; ANDEE WADDCUPS; JANELLE WOESSNER; CHARLIE WILSON; LORRAINE BEESON; and various JOHN AND JANE DOES (either officers, agents or representatives of WinCo Store Employee Association or of an Employee Association Representative committee, or both); and the WINCO STORE EMPLOYEE ASSOCIATIONS,<br>            Defendants. | CASE NO. CV 02-381-S-EJL<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court for its consideration are: (1) Plaintiff's Motion to Certify Class Action (Docket No. 136), filed June 1, 2006; (2) Plaintiff's Motion for Leave to Amend Complaint (Docket No. 135), filed on June 1, 2006; and (3) Plaintiff's Motion to Revise Order (Docket No. 134), filed on June 1, 2006. Having reviewed all briefing submitted, as well as other pertinent documents in the Court's file, and having heard oral arguments, the Court makes its Report and Recommendation as follows.

**Report & Recommendation – Page 1**

**REPORT**

**I.
BACKGROUND.**

On August 15, 2002, the Plaintiff Lino Paul filed his original Complaint against Defendants WinCo Foods, Inc. (now know as WinCo Holdings, Inc.) ("Winco"), Bill Long, Roger Cochell, Kathy Schorzman, Peggy Drescher, Mary Garcia, Sandee Waddcups, Janelle Woessner, Charlie Wilson, Lorraine Beeson, and various John and Jane Does (who are either officers, agents or representatives of WinCo Store Employee Association or of an Employee Association Representative committee, or both), and the WinCo Store Employee Association (collectively "Defendants").  Mr. Paul has asserted various claims including:  violations of the Labor-Management Reporting and Disclosure Act ("LMRDA"), violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), civil rights violations under Sections 1981 and 1985(3), state common law claims for breach of fiduciary and agency duties, and allegations of interference with business relations, misrepresentation, and fraudulent misrepresentation.

The Defendants moved to dismiss Plaintiff's Complaint and renewed their motions to dismiss (Docket Nos. 66 & 69) after Plaintiff filed an Amended Complaint.  The Court issued its Order granting Defendants' renewed Motions to Dismiss on March 6, 2004 (Docket No. 84). Plaintiff then appealed the Order to the Ninth Circuit and the dismissal was reversed and remanded to the District Court on December 7, 2005 (Docket No. 126), resulting in the pending motions before the Court.

## II.
## Motion to Certify Class Action.

**A.     Legal Standards Governing Class Certification Under Rule 23(a)**

The burden is upon the plaintiff to establish whether a proposed class satisfies Rule 23 of the Federal Rules of Civil Procedure. *Bafus v. Aspen Realty, Inc.,* 236 F.R.D. 652, 655 (D. Idaho 2006). In order to certify a class, the plaintiff must first meet the four threshold requirements of Rule 23(a) "namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.*, 150 P.3d 1011, 1019 (9th Cir. 1998). After satisfying these four requirements, a plaintiff then must demonstrate under Rule 23(b)(1), (2), or (3) that the action is maintainable. *Id.* at 1022.

>   Fed. R. Civ. P. 23(a) reads:
>
>   One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"Classes may be certified only if the Court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) and (b) have been satisfied." *Bafus,* 236 F.R.D. at 655 (citing *Chamberlan v. Ford Motor Co.,* 402 F.3d 952, 961 (9th Cir. 2005)). An extensive evidentiary showing by the plaintiff is not required and the court is bound to use some degree of speculation; however, there must exist before the court sufficient material to determine compliance with the requirements of Rule 23. *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975). While the Court is required to take the substantive allegations of the Complaint as true, the Court may

Report & Recommendation – Page 3

disregard allegations that are merely conclusory, are not substantive or are facially insufficient. *Lim v. Citizens Saving & Loan Assoc.,* 430 F. Supp. 802, 808 (N.D. Cal. 1976). In this case, the Plaintiffs have not met their burden to establish that a class exists. The Court will examine each requirement under Rule 23(a).

    **1.    Numerosity.**

The first requirement under Rule 23(a)(1) is that "the class [be] so numerous that joinder of all members is impracticable." While an exact number is not required, Plaintiff must sufficiently identify the existence of a number of persons to be included in the proposed class. *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 680 (S.D. Cal. 1999). Plaintiff may not merely speculate but must provide a reasonable estimate of the number of class members. *Id.* at 81; *Nguyen v. Kissinger,* 70 F.R.D. 440, 445 (D. Or. 1983). "A higher level of proof than mere common sense impression or extrapolation from cursory allegations is required." *Schwartz*, 183 F.R.D. 672 at 681. In *Schwartz*, the plaintiffs relied upon raw numbers of customers and the defendant's sales volume to claim that numerosity had been met. *Id.* at 682. The court held that this evidence, without more, is irrelevant and fails to satisfy the numerosity requirement. *See id.*

In this case, Plaintiffs rely upon general statistics taken from Defendant's website that provides the number of employees, number of store locations, and turnover rates for WinCo and requests that the Court use "common sense" to find that the numerosity requirement is met. (Plaintiffs' Reply to Defendants' Responses to Plaintiffs' Motion to Certify Class Action "Plaintiffs' Reply to Certify Class" (Docket No. 149 at 6)).

While a few cases do suggest that common sense can be utilized when examining the numerosity requirement, the opposing parties in those cases did not contest the claim that

numerosity was satisfied.  *In Re NCAA I-A Walk-On Football Players Litigation*, 2006 WL 1207915 at *4–5 (W.D. Wash. 2006); *Tylka v. Gerber Prods. Co.,* 178 F.R.D. 493, 499–500 (N.D. Ill. 1998).  Conversely in this case, Defendants have strongly objected to Plaintiffs' claim that numerosity has been satisfied.  Therefore, the Court adopts the majority view that numerosity is not met by merely using common sense, but requires a higher level of proof.  By failing to provide sufficient evidence to reasonably identify the size of the proposed class, Plaintiffs have not met their burden.

      **2.**     **Commonality.**

The next step in Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  In examining this requirement a court should focus on the conduct of the defendant.  *Schwartz v. Upper Deck Co.,* 183 F.R.D. 672, 683 (S.D. Cal. 1999).  Commonality is met when there exists substantial questions of law or fact common to the class.  *Id.* at 682.  "[I]llegal standardized conduct" by the defendant should be identified.  *Id.* (internal quotations omitted).  The standard is more permissive than that required for numerosity and every class member does not have to be identically situated.  *Id.*  This requirement will not be defeated by "slight differences" between class members.  *Id.* at 682–683.  However, when a complaint is overbroad in its descriptions of the facts or defendant's conduct, it is "utterly impossible to determine whether there are questions of law or fact common to the class."  *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1311 (9th Cir. 1977).

In *Doninger*, the Ninth Circuit determined that the plaintiff had not satisfied the requirement of commonality.  *Id.*  In its discussion, the court cited reasons why the plaintiff failed such as: defendant's decentralized enforcement, separate programs, particular methods of

implementation, and a general lack of allegations sufficient to find that questions of law or fact were common throughout the class. *Id.* at 1311–12. Similarly in this case, each of the approximately fifty-two WinCo locations have separately-established Employee Associations, separate collective bargaining agreements, and separate sets of officers and committee members. WinCo also has stores in five different states invoking varying state laws. In addition, Plaintiffs have failed to offer anything more than broad and vague statements concerning Defendants' conduct against class members with the exception of Lino Paul. Based upon Plaintiffs' Second Amended Complaint, the Court finds it impossible to find sufficient evidence to support an allegation that illegal standardized conduct has occurred across fifty-two stores and employee associations in five states on a class-wide basis. (Plaintiffs' Second Amended Complaint (Docket No. 135-2)). Therefore, the Court finds a lack of sufficient commonality to certify the class.

### 3. Typicality

The "typicality requirement" is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The claims do not need to be substantially identical, but must be reasonably co-extensive with the claims of the absent class. *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1020 (9th Cir. 1998). "Typicality turns on the defendant's actions toward the plaintiff class, not particularized defenses against individual class members." *Schwartz*, 183 F.R.D. at 683. However, a "mere assertion of widespread employment discrimination" is not sufficient because a court would be unable to compare known plaintiffs with the hypothetical class. *Nguyen Da Yen v. Kissinger,* 70 F.R.D. 656, 665 (N.D. Cal. 1976). To satisfy the required rigorous analysis, plaintiffs must

make some showing that the named plaintiffs are typical and average class members. *Palmer v. Stassinos*, 233 F.R.D. 546, 550 (N.D. Cal. 2006).

In *Palmer*, the court stated that plaintiffs had failed to compare named plaintiffs with proposed class members, and thus the court was not able to determine whether the named plaintiffs were typical class members. *Id.* "Mere repetition of the language of [Rule 23] is inadequate." *Id.*

In this case, Plaintiffs have not met their burden of establishing typicality. Plaintiffs' assertions of widespread employment discrimination are not sufficient to satisfy this prong of Rule 23. The Plaintiffs contend that "[t]he claims alleged by Plaintiffs are typical of the claims of the classes."(Plaintiffs' Second Amended Complaint (Docket No. 135-2 at ¶ 51)). However, such a conclusory statement is insufficient to meet Plaintiffs' burden. In the face of these broad allegations the Court is unable to determine the nature of the facts surrounding the termination and whether the named Plaintiffs are typical of the class as a whole. The Plaintiffs would have the Court narrow its focus to the fact that all the named Plaintiffs were hourly workers who were not adequately represented by the union. However, with the exception of Mr. Paul, the Court is not given the necessary facts to enable it to make a comparison between the representatives and the absent members. WinCo has approximately fifty-two stores in five states each with a separate employee association and collective bargaining agreement. The named Plaintiffs only represent two states and three stores. They represent only one of the eight Idaho stores and only two the eighteen California locations. Thus, the Court is unable to determine if the named representatives' claims are typical of the class as a whole.

**Report & Recommendation – Page 7**

### 4. Adequacy of Representation.

The final Rule 23(a) requirement requires Plaintiffs to show that "the representative parties will fairly and adequately protect the interests of the class." Two questions must be answered before adequacy can be determined: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d at 1020. "Representatives must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594–95 (1997). Adequate representation ensures that the interests between representatives and absentees are protected alike. *Molski v. Gleich,* 318 F.3d 937, 955 (9th Cir. 2002). In *Molski*, the court found that the plaintiffs failed to meet their burden because "[t]he record [did] not show whether [the representatives] suffered in the same manner as others in the class may have." *Id.*

Similarly in this case, the record fails to provide sufficient facts to demonstrate whether the interests of the absent class member will be represented adequately by the named representatives. As mentioned previously, the named representatives only represent three of WinCo's fifty-two stores spanning across five states. Also, with the exception of Lino Paul, the record is devoid of specific facts surrounding the termination of the other class representatives.[1] Therefore, the Court is unable to determine whether the interests of the absent class members will be adequately represented.

---

[1] One of the suggested class representatives is not even a proper party. Jalwat Ahmad agreed to a settlement of her claims against WinCo following an action she filed in the Eastern District of California. (Affidavit Valerie Davis, Exhibit A).

**Report & Recommendation – Page 8**

**B.      Legal Standards Governing Class Certification Under Rule 23(b)**.

After satisfying the four requirements of Rule 23(a), a plaintiff then must demonstrate under Rule 23(b)(1), (2), or (3) that the action is maintainable. *Hanlon,* 150 P.3d at 1022. Plaintiffs in this case assert that the action is maintainable under 23(b)(2) or 23(b)(3). (Plaintiffs' Second Amended Complaint (Docket No. 135-2 ¶¶ 53–54)). However, even if the Plaintiffs had met the four requirements of Rule 23(a), the Court finds that the requirements of Rule 23(b) are not met for the following reasons.

**1.      Rule 23(b)(2).**

In order to gain certification under 23(b)(2), "the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Molski,* 318 F.3d at 947. To determine predominance, a court must look to the intention of the party bringing the suit. *Id.* at 950. It is clear from Plaintiffs' Second Amended Complaint that the primary focus of the litigation is monetary damages. In Plaintiffs' Prayer for Relief the overwhelming focus is upon monetary damages with any claims for declaratory relief being secondary. (Plaintiffs' Second Amended Complaint (Docket No. 135-2 at 52–55)). Thus, the petition for class certification does not meet the requirements of Rule 23(b)(2).

**2.      Rule 23(b)(3)**.

"To qualify for certification under [23(b)(3)], a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon,* 150 F.3d at 1022.

The first question is referred to as the "predominance inquiry" and asks "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.*

In order to satisfy this first question, one must have established the existence of common issues of fact or law according to Rule 23(a)(2). *Id.* Then this inquiry is taken further to focus "on the relationship between common and individual issues." *Id.* In this case, Plaintiffs have failed to satisfy the threshold requirement of commonality as discussed above. Thus, it is not necessary to discuss the relationship between common and individual issues. In this case, "[a] common nucleus of facts and potential legal remedies" has not been established by Plaintiffs. *Id.*

The second question posed under Rule 23(b)(3) asks whether class resolution is superior to all other methods of adjudication. *Id.* at 1023. In failing the meet the requirements of Rule 23(a), Plaintiff has failed to establish that a class action is the superior method of adjudication in this case. Since Jalwat Ahmad is not a proper party, there is no reason why the three remaining plaintiffs could not proceed with individual actions based on the unique facts that would be relevant to their separate claims.

### C.     Conditional Certification.

As an alternative to a finding of class certification, Plaintiffs requests that the Court conditionally certify the proposed class. (Plaintiffs' Reply to Certify Class (Docket No. 149 at 5)). However, Plaintiffs fail to provide any authority for the Court to rely upon to issue conditional certification to the proposed class absent a substantial showing that Rule 23(a) has been satisfied.

> Conditional certification is not a means whereby the District Court can avoid deciding whether, at that time, the requirements of the Rule have been substantially met. The purpose of conditional certification is to preserve the Court's power to revoke certification in those cases wherein the magnitude or

>complexity of the litigation may eventually reveal problems not theretofore apparent.

*In Re Hotel Telephone Charges*, 500 F.2d 86, 90 (9th Cir. 1974). For the reasons stated in detail above, the Plaintiffs have not substantially met the requirements Rule 23, and therefore the Court cannot conditionally certify the class.

**D.     Discovery.**

Finally, Plaintiffs request that if the Court does not conditionally certify the class, that it allow additional time for discovery. (Plaintiffs' Reply to Certify Class (Docket No. 149 at 11)). Plaintiffs argue that a stay of discovery is in effect and they have been unable to pursue discovery. On September 29, 2003, Judge Lodge adopted this Court's recommendation for a stay of discovery while it considered the dispositive motions. (Order adopting R&R (Docket No. 75)). However, in that Report and Recommendation, the Court stated, "As the Court has now ruled on the dispositive motions and narrowed the scope of Plaintiff's claims, discovery may now proceed on the remaining claims." (R&R (Docket No. 59 at 31)). Thus, Plaintiffs were free to pursue discovery on any remaining claims.

Furthermore, once the judgement from the Ninth Circuit was issued on December 7, 2005, reinstating Plaintiffs' dismissed claims, this Court's previous Order became null and void and Plaintiffs were free to proceed ahead with discovery. (U.S.C.A. Judgment (Docket No. 126)) "Accordingly, the district court's order dismissing counts five through eleven, fourteen, and sixteen in Paul's amended complaint is **REVERSED** and **REMANDED**." (U.S.C.A. Memorandum (Docket No. 125)).

Plaintiffs filed their Motion to Certify Class Action on June 1, 2006, which allowed Plaintiffs almost six months to perform the necessary discovery to satisfy Rule 23. Plaintiffs

failed to provide sufficient material in their motion for certification, despite the fact that Plaintiffs clearly bear the burden to satisfy the requirements laid out in Rule 23. At oral argument on October 16, 2006, the Court asked Plaintiffs to explain their plan for discovery if given the additional requested time. Plaintiffs were unable to respond despite the fact that over eight months had now elapsed after the causes of action were reinstated by the Ninth Circuit. (Hearing Minutes (Docket No. 154)). Therefore, the Court finds that Plaintiffs had ample time to conduct discovery and it would not be in the interest of judicial efficiency or fairness to Defendants to now allow more time for discovery.

**E.     Conclusion.**

In conclusion, the Court finds that Plaintiffs have not met their burden to satisfy the requirements of Rule 23 to establish class certification**.** The Plaintiffs have failed to provide the Court with sufficient material to determine that a class action is warranted despite having had ample time to do so. Therefore, the Court will recommend that Plaintiffs' Motion to Certify Class Action be denied.

## II.
## Motion for Leave to Amend Complaint.

Federal Rule of Civil Procedure 15(a) provides, in part:

> Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

The U.S. Supreme Court has outlined this standard by stating:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

In considering the underlying purpose of Rule 15 that ensures a case is decided on the merits, a court is still entitled to its discretion in granting leave to amend. *See id.* However, "[a] district court's failure to consider the *Foman* factors and articulate why it has decided to deny leave to amend may constitute an abuse of discretion in and of itself." *Osher v. JNI Corp.,* 183 Fed. Appx. 604, 605 (9th Cir. 2006). With these factors in mind, the Court recommends that Plaintiffs' Motion to Amend be denied due to the futility of the amendment. For all the reasons discussed above, Plaintiff has not successfully demonstrated their proposed class should be certified. Plaintiffs' Second Amended Complaint is essentially a complete restatement of their previous complaint with the addition of material relating to certifying a class action. Therefore, having found that Plaintiffs' Motion to Certify Class Action was not successful, allowing Plaintiffs' to submit their Second Amended Complaint would be futile, a valid reason for denial of the Motion for Leave to Amend Complaint under *Foman.*

### III.
### Motion to Revise Order.

Plaintiffs' Motion to Revise Order is unnecessary. Plaintiff requests an order revising the previous order that granted Defendants' motions for dismissal. (Defendants' Renewed Motions to Dismiss (Docket No. 84)). However, the Ninth Circuit has reversed that Order, specifically stating in their Memorandum that "the district court's order dismissing counts five through

eleven, fourteen, and sixteen . . . is **REVERSED** and **REMANDED**." (U.S.C.A. Memorandum (Docket No. 125 at 3)) Thus, the District Court's previous order dismissing those causes of action is null and void.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) Plaintiffs' Motion to Certify Class Action (Docket No. 136), filed June 1, 2006, be **DENIED.**

2) Plaintiffs' Motion to for Leave to Amend (Docket No. 135), filed on June 1, 2006, be **DENIED.**

3) Plaintiffs' Motion to Revise Order (Docket No. 134), filed on June 1, 2006, is **MOOT**.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 16, 2007

Honorable Mikel H. Williams
United States Magistrate Judge

**Report & Recommendation – Page 14**