UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINO PAUL,, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. CIV 02-381-S-EJL |
| WINCO HOLDINGS, INC. (dba WINCO ) | |
| FOODS, INC.), WINCO FOODS, INC., ) | |
| BILL LONG, ROGER COSHELL, KATHY ) | MEMORANDUM ORDER |
| SCHORZMAN, PEGGY DRESCHER, ) | |
| MARY GARCIA, SANDEE WADDCUPS, ) | |
| JANELLE WOESSNER, CHARLIE ) | |
| WILSON, LORRAINE BEESON, and ) | |
| various JOHN AND JANE DOES (either ) | |
| officers, agents or representatives of a ) | |
| Winco Store Employee Association or of an ) | |
| Employee Association Representative ) | |
| Committee, or both), and the WINCO ) | |
| STORE EMPLOYEE ASSOCIATIONS, ) | |
| ) | |
| Defendants. ) | |

On February 16, 2007, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation, recommending that the Plaintiff's motion to certify class action and motion to amend complaint be denied; the motion for reconsideration was found to be moot. (Dkt No. 156). Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b). The Plaintiff filed objections to the Magistrate Judge's report to

which the Defendants have responded. (Dkt Nos. 157, 150, 160). The Plaintiff objects to the Magistrate Judge's conclusions on his motions and also argues that he should have been allowed to pursue discovery and/or should be afforded additional time to now pursue discovery on the motions. The Defendants oppose the Plaintiff's objections and Plaintiff's request for additional discovery.

## Discussion

I. <u>Discovery</u>:

Plaintiff's objections to the report and recommendation involve arguments relating to the discovery process in this case. In particular, the Plaintiff argues he was precluded from engaging in discovery or not given sufficient time for discovery by the Court's prior order staying discovery and by the manner in which Plaintiff believed his motions were to be decided.

A. <u>Prior Order for Stay of Discovery</u>:

Plaintiff argues the Court's order granting the Defendants' motion to stay discovery, entered before the appeal, precluded him from pursuing discovery in this case. (Dkt. No. 75). The Magistrate Judge concluded that the stay order was null and void following the Ninth Circuit ruling. Plaintiff disagrees, arguing the order staying discovery was not the subject of the appeal as evidenced by the fact that following the appeal this Court amended its scheduling order to extend the discovery cut off date.

Prior to the appeal in this case, both Defendants filed motions to dismiss and motions to stay discovery. Plaintiff's response opposed any stay of discovery, except for certain narrowly identified issues. (Dkt. No. 38). The Magistrate Judge held a hearing on all pending motions and issued the first report and recommendation in this case which recommended that the motions to dismiss and motion to stay be granted, stating: "As the Court has now ruled on the dispositive motions and narrowed the scope of Plaintiff's claims, discovery may now proceed on

**MEMORANDUM ORDER  - 1-**         2

the remaining claims." (Dkt. No. 59). This Court agreed with the report and recommendation and on September 29, 2003 adopted the Magistrate Judge's order in its entirety; thereby also adopting the above quoted language which allowed Plaintiff to pursue discovery except as to those claims that were dismissed. (Dkt. No. 75). The Court later granted the Defendants' renewed motion to dismiss as to certain of Plaintiff's claims raised in the amended complaint. (Dkt. No. 84). Plaintiff successfully appealed the decision on the motions to dismiss and the Ninth Circuit remanded the case. (Dkt. Nos. 125, 126).

The Plaintiff's argument that the prior order for stay of discovery constrained him from pursuing discovery on his motion to amend and motion to certify the class is without merit.[1] The order staying discovery applied to those claims that were dismissed, however, discovery was allowed to proceed on the remaining claims. Because certain of the claims which Plaintiff has now proposed to be part of the class action are the same claims that were the subject of the appeal, it was reasonable for Plaintiff to have believed the stay of discovery applied to those claims during the pendency of the appeal. If that is the case, however, that also means that the Magistrate is correct that following the Ninth Circuit's decision, the claims were no longer dismissed and, therefore, not subject to the order staying discovery. Moreover, following the appeal this Court granted the parties joint proposal to extend the discovery cut-off deadline to January 13, 2006; which clearly gave Plaintiff the ability to pursue discovery in the time frame requested by both parties. (Dkt. Nos. 115, 119). If, on the other hand, the Plaintiff believed that the stay of discovery applied to claims different from those subject to the appeal, then the stay order never applied to those claims and Plaintiff has been able to able to pursue discovery throughout this matter. Either way, the order staying discover did not preclude the Plaintiff from

---

[1] Nothing in the record gives any indication that Plaintiff desired to pursue discovery for the filing of a potential class action when the order staying discovery was entered. Thus, whether discovery was or was not precluded as to class certification was not contemplated by the Court when the stay was issued.

**MEMORANDUM ORDER - 1-**              3

engaging in discovery indefinitely. At the latest, discovery was allowed following the Ninth Circuit's decision; which was made clear when the Court extended the discovery cut-off to January 13, 2006 as proposed by the parties.

    B.  Adequate Time for Discovery:

Plaintiff argues he was not given sufficient time to conduct discovery in support of his motion to certify class action because his understanding of the discovery proceedings in this case were different than what actually occurred.

On December 13, 2005, this Court granted the parties' joint motion to modify the Scheduling Order and adopted the parties joint request to extended the discovery cut-off date to January 13, 2006 in order to allow the parties to "complete discovery and file pre-trial motions, if any." (Dkt. Nos. 115, 119). Had Plaintiff believed more time was required to complete discovery, as he now argues, such a request should have been made at the time the parties jointly proposed the discovery cut-off deadline of January 13, 2006. For Plaintiff to now contend that the time for discovery was insufficient rings hollow in light of the fact that Plaintiff agreed to the proposed January 13, 2006 deadline for discovery cut-off.

Later, the parties filed a stipulation to submit new litigation plans and scheduling order (Dkt. No. 121), pursuant to which the Court issued a Litigation Order directing the parties to file a litigation plan before February 1, 2006. (Dkt. No. 124). Unable to agree on a litigation plan, the parties filed separate litigation plans. Defendants filed an objection to the Plaintiff's proposed litigation plan revealing the parties' disagreement as to the whether or not Plaintiff could pursue a class action. Defendants position was that in order to proceed as a class action, the Plaintiff needed to file a motion to amend the complaint and add the necessary class action requirements of Rule 23 thereby allowing the parties an opportunity to respond and the Court to rule upon the motion; if allowed to amend, the Defendants then proposed that a limited period of

**MEMORANDUM ORDER  - 1-**   4

discovery directed to class certification issue be undertaken and then Plaintiff should file a motion for class certification. (Dkt. Nos. 128, 131). Upon resolution of the class certification question, Defendants proposed that the remaining scheduling issues could be resolved. The Plaintiff's proposed litigation plan simply provided dates, including the June 1, 2006 deadline for filing a motion for class certification. (Dkt. No. 130).

In response to these filings, the Court accepted the Plaintiff's proposal and set the date for filing a motion for class certification as June 1, 2006 and referred the issue to the Magistrate Judge. This gave Plaintiff four months to undertake discovery and make the necessary filings in order to pursue a class action. Nothing in any of the Court's orders precluded or limited the Plaintiff from engaging in discovery. Just the opposite, in setting the deadline proposed by Plaintiff for filing the motion for class certification, the Court opened the door for the Plaintiff to pursue discovery. In addition, Plaintiff's argument now that the time frame was insufficient to give him adequate time to file the motion to amend, receive a ruling, conduct discovery, and file the motion for class certification is difficult to swallow given the time frame adopted by the Court was proposed by the Plaintiff himself.

Plaintiff takes issue with the fact that the Litigation Order set a date for a telephone scheduling conference that was later vacated; stating that a hearing should have been held because "the parties had raised detailed discovery-related issues with it in their respective Litigation Plan forms." (Dkt. No. 157, p. 6). The "parties" did not raise discovery-related issues in their litigation plans. The Defendants described the parties' diverging positions regarding the posture of the case; the Plaintiff merely submitted proposed dates. The telephone scheduling conference is not an opportunity for counsel to argue their case to the Court. It is this Court's routine practice to vacate a telephone scheduling conference where the parties have submitted litigation plans from which the Court is able to schedule the appropriate deadlines. There was no

need for the scheduling conference to be conducted in this case. The Court accepted that the parties disagreed as to whether the matter would proceed as a class action and adopted the Plaintiff's proposed deadline for filing the motion for class certification, June 1, 2006. (Dkt. No. 132). The telephone scheduling conference was vacated until the motion for class certification was decided. (Dkt. No. 132). Nothing was filed by either party until Plaintiff filed his motion to amend and motion for class certification on June 1, 2006.

        C.        Discovery Proceedings:

Finally, Plaintiff states that he believed the Court would conduct a "two-tier review" and that the Court would "order whatever discovery and argument it required with regard to the disputed substance of it, if any, *after* the Court ruled on [the] supporting Motion for Leave to Amend Complaint and [the] supporting Motion to Revise Order; *after* the parties had narrowed the issues through preliminary argument; and, *after* the Court had removed the stay of discovery...or Order Modifying Scheduling Order it Issued...." (Dkt. No. 157, p. 8) (emphasis in original). This belief is not supported in the record.

The Plaintiff was not restrained from conducting discovery in order to file the necessary motions to pursue a class action in this matter. By adopting Plaintiff's proposed date for filing the motion for class certification, the Court afforded the Plaintiff every opportunity to go forward with his case in the time frame he requested. Plaintiff chose to not pursue discovery or request more time for discovery and chose instead to wait until the last date of the deadline to file his motions to amend and for class certification. To have believed that he would be allowed to file his motions, wait for a ruling, and then pursue discovery to address the failings in his motions would be wholly unfair and inefficient. Courts are not in the business of giving advanced rulings. A plaintiff is the master of their case and should undertake the investigation and discovery needed in order to prosecute their claims and bring the necessary motions before

**MEMORANDUM ORDER  - 1-**            6

the Court for its consideration in the first instance; not wait for a first bite at the apple and then refile the same motions after the Court has ruled and/or the opposing parties have fleshed out their arguments. The ramifications for failing to present one's motions in their entirety in the first instance falls on the shoulders of the Plaintiff, not the Court.

D.     Request for Further Discovery and Conditional Granting of the Motion:

Plaintiff requests that the Court either conditionally grant their motion to certify class action or reserve its ruling thereon to allow them sufficient time in which to conduct discovery "so they have a fair opportunity to meet the Court's objections to it." (Dkt. No. 157, p. 16). As determined above, Plaintiff's arguments regarding the discovery proceedings in this case are without merit and unsupported by the record. The deadlines set by the Court were proposed either by the Plaintiff or jointly by the parties. Plaintiff was not precluded from conducting the discovery needed to file his motions. Plaintiff chose to not engage in discovery. To now request additional discovery for the purpose of meeting the "Court's objections" simply highlights the errors in the way in which Plaintiff has proceed in this case. The party filing a motion has the obligation to undertake the legwork necessary to present a motion with supporting briefing, evidence, and the like and at the time they file their motion; thereby allowing the opposing party an opportunity to respond fully to the motion instead of having to guess at the basis for the motion. The Federal Rules of Civil Procedure and the Local Rules of this District are clear that the movant can not merely file a bare-bones motion, wait for the opposing party and the Court to identify the motions deficiencies, and then later request more time to address the deficiencies.[2] The motions' shortcomings are a result of Plaintiff's own

---

[2] The Court notes that in filing the motion to amend and motion to certify class, Plaintiff violated Local Rule 7.1 by failing to file a separate supporting memorandum in support of the motions. Instead, Plaintiff waited until the Defendants responded to the motions before providing any argument in support of their motions in his reply briefing; thereby giving Defendants no opportunity to respond to his arguments. This is improper and prejudicial to the opposing party.

**MEMORANDUM ORDER  - 1-**            7

failures and not a basis for granting further discovery, reserving the ruling, or conditionally granting the motion for class certification. Therefore, these requests are denied.

    II.    <u>Class Certification</u>:

The Magistrate Judge concluded that the Plaintiff's motions does not met the requirements of Rule 23 for class certification. Federal Rule of Civil Procedure 23 provides that a court may certify a class if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). "The district court must also find that at least one of the following three conditions are satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." <u>Dukes v. Wal-Mart, Inc.</u>, 474 F.3d 1214, 1223 (9th Cir. 2007) (citing Fed.R.Civ.P. 23(b)).

The burden is on the moving party to establish that the requirements of Rule 23 have been met. <u>See</u> <u>Mayfield v. Dalton</u>, 109 F.3d 1423, 1424 (9th Cir. 1997). "[T]here must not only be allegations relative to the matters mentioned in Rule 23 . . . but, in addition, there must be a statement of basic facts. Mere repetition of the language of the Rule is inadequate." <u>Doninger v. Pacific Northwest Bell, Inc.</u>, 564 F.2d 1304, 1309 (9th Cir. 1977) (citing <u>Gillibeau v. Richmond</u>, 417 F.2d 426, 432 (9th Cir. 1969).

**MEMORANDUM ORDER - 1-**    8

The Court has considered the Plaintiff's objections and finds them to be without support in law or fact.  The arguments presented in the objections are the same as those previously made and considered by the Magistrate Judge.  This Court has reviewed the record in this case including the parties briefing on the motions and the objections made herein.  Based on this review, this Court agrees with the conclusions reached in the Magistrate Judge's report and recommendation.  The Magistrate Judge carefully and thoroughly considered the entire record in making his findings.  The Court finds that the Magistrate Judge identified the correct legal standards and properly applied those standards to the record.  Further, the Magistrate Judge properly addressed the arguments raised by the parties, including those arguments again raised in the objections.  Accordingly, the objections are overruled.

III.     Motion to Amend Complaint:

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted).  In this case, the Court agrees with the Magistrate Judge that Plaintiff will not be able to cure his pleading deficiencies by amending the complaint in this matter.  For the reasons stated by the Magistrate Judge, the Plaintiff's proposed second amended complaint does not satisfy the requirements for certifying a class action, nor does it appear the Plaintiff can make such a claim.  Accordingly, the motion is denied.

IV.     Motion to Revise Order:

Plaintiff has also filed a motion to revise the Court's previous order to reinstate the parallel causes against the "Union" Defendants which, Plaintiff argues, "were implicated by

**MEMORANDUM ORDER  - 1-**            9

the Ninth Circuit ruling though not formally appealed to it because they were not yet ripe." (Dkt. No. 157, p. 6). Specifically, Plaintiff requests that Counts IV, XII, and XIII be reinstated as to the WinCo Employee Association (aka "Union") Defendants.

As the Magistrate Judge correctly pointed out, the Court's order dismissing those counts as to the "WinCo Defendants" was reversed by the Ninth Circuit (Dkt. No. 125) making Plaintiff's motion unnecessary. However, since the WinCo Employee Association (aka "Union") Defendants filed a notice of non-opposition to this motion (Dkt. No. 137), the Court will grant the motion.

### ORDER

Having conducted a *de novo* review of the objections raised by Petitioner, this Court finds that Magistrate Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 16, 2007, (Dkt No. 156), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

Accordingly the Court HEREBY ORDERS as follows:

1) Plaintiff's motion to revise order (Dkt. No. 134) is **GRANTED**.

2) Plaintiff's motion to amend (Dkt. No. 135) is **DENIED**.

3) Plaintiff's motion to certify class (Dkt. No. 136) is **DENIED**.

IT IS FURTHER ORDERED that the parties shall submit a joint litigation plan in the form previously directed (Dkt. No. 124) on or before April 30, 2007. A telephone scheduling conference will be held, if necessary, on Monday, May 15, 2007 at 9:30 a.m. mountain time, for the purpose of confirming the deadlines proposed by the parties in their litigation plan and to set

the matter for trial.  Counsel for Plaintiff shall initiate the conference call by placing it to Diane McDonald, Administrative Assistant, at 208-334-9270, and shall have all appropriate parties on the line.

DATED:  **March 29, 2007**

_____
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER   - 1-**          11